IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BANK OF AMERICA, N.A.                                                                    PLAINTIFF

v.                                              Civil No. 6:14-cv-06120

KAY DORSEY                                                                               DEFENDANT

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Entry Upon Real Property. ECF No. 20. Plaintiff filed this Motion on December 9, 2015. *Id.* Defendant has not responded to this Motion, and the time to respond has expired. *See* Local Rule 7.2(b).[1] This Motion has been referred to the undersigned for decision. Upon review, the Court recommends this Motion (ECF No. 20) be **GRANTED.**

On November 6, 2014, Plaintiff filed this action against Defendant Kay Dorsey. ECF No. 1. In Plaintiff's Complaint, Plaintiff claims Defendant is not paying her mortgage, and Plaintiff seeks to enforce its Deed of Trust lien against Defendant's property located at 318 Elmwood Drive, Hot Springs, Arkansas 71901 ("Property"). *Id.* Importantly, Plaintiff also claims the legal description in its Deed of Trust conflicts with another legal description of the property which is included in the property records. *Id.* ¶ 24. Thus, Plaintiff seeks a survey "to determine the correct and full legal description of the Property." *Id.* Defendant, however, "fails and refuses to allow Plaintiff access to the Property for purposes of completing a survey." *Id.*

Defendant did not file an answer in this case, and a clerk's entry of default was entered on September 23, 2015. ECF No. 18. Subsequently, Plaintiff filed the current Motion seeking leave to enter upon this property "to obtain a survey in order to reform the Deed of Trust to include an accurate legal description." ECF No. 20.

---

[1] Notably, the simple fact Defendant failed to respond is "an adequate basis, without more, for granting the relief sought" in this Motion. *See* Local Rule 7.2(f).

Upon review of this Motion (ECF No. 20), the Court recommends it be **GRANTED** and Plaintiff be allowed to obtain reasonable access to the Property for the purposes of conducting a survey and for the purpose of conducting a full inspection of the Property.[2]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8thCir. 1990).

**ENTERED** this **6th day of January 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] It is worth noting also that under the terms of the Deed of Trust, Plaintiff is permitted to "inspect the Property if the Property is vacant or abandoned or the loan is in default." ECF No. 20-1 at 11.