IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BANK OF AMERICA, N.A.                                                                          PLAINTIFF

v.                                         Case No. 6:14-cv-6120

KAY DORSEY; ADMINISTRATOR OF
THE SMALL BUSINESS ADMINISTRATION; and
CLARICE M. JOPLIN, individually and as
administrator of the estate of Charles B.
Joplin, deceased                                                                              DEFENDANTS

**ORDER**

Before the Court is the Plaintiff's Motion for Default Judgment. (ECF No. 26). No response to this motion has been filed. Plaintiff moves for Default Judgment against Defendant Kay Dorsey ("Dorsey").

Plaintiff filed its Complaint against Dorsey, Clarice M. Joplin, and Administrator of the Small Business Administration on November 6, 2014. (ECF No. 1). Dorsey was served on March 25, 2015. (ECF No. 6). On September 23, 2015, the Clerk filed an Entry of Default as to Dorsey. (ECF No. 18). On September 24, 2015, Defendants Clarice M. Joplin and Administrator of the Small Business Administration were dismissed. Dorsey is the only remaining Defendant. Plaintiff now asks the Court to render default judgment against Dorsey.

This Court has discretion under Fed. R. Civ. P. 55(b)(2) to enter a default judgment. *See Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 (8th Cir. 1997). When moving for a default judgment, the plaintiff must prove its entitlement to its requested relief. *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). The Court need not hold a hearing if the relief can be ascertained from the record. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (citation omitted). Once default is established, the defaulting defendant does not have standing to

contest the factual allegations of the plaintiff's complaint. *Cf. Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (plaintiff's assumption "that a default judgment conclusively establishes liability, as opposed to establishing the fact allegations in the complaint," was "debatable proposition"); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied.").

In its Complaint, Plaintiff asserts that, on July 31, 2003, Clarice M. Joplin conveyed a certain piece of property ("the Property") to Dorsey via Warranty Deed. Joplin also issued to Dorsey a Quit Claim Deed for the Property. Plaintiff asserts that a Mortgage in favor of the Small Business Administration was mistakenly not released at the time of this transfer from Joplin to Dorsey.

In May 2008, Dorsey executed a promissory note ("the Note") to Quicken Loans, Inc., as lender on a loan secured by the Property. Dorsey also executed a Homestead Lien Contract and Deed of Trust ("the Deed of Trust"), granting Quicken a security interest in the Property. In December 2011, Quicken assigned the Note and Deed of Trust to the Plaintiff. Plaintiff asserts that Dorsey failed to make payments on the Note and Deed of Trust. As of September 30, 2014, at least $250,873.27 was due. Moreover, the legal description of the Property in the Warranty Deed and Deed of Trust is different from the legal description contained in the Quit Claim Deed (ECF No. 1-2, 3 & 5).

Plaintiff requests that the Court enter a default judgment (1) reforming the Deed of Trust, Warranty Deed, and Quit Claim Deed with the correct legal description; (2) declaring that the Deed of Trust lien encumbers the Property with the corrected legal description; (3) declaring that the Deed of Trust is a first and superior lien on the Property; and (4) declaring that Plaintiff has the right to

foreclose on the property in accordance with the terms of the Note and Deed of Trust, and that through foreclosure or auction Dorsey is divested of her right, title, and interest in the Property.

The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted as to Dorsey. Accordingly, in light of Dorsey's default and the nature of Plaintiff's claims against her, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Kay Dorsey. An event of default has occurred under the terms of the Note and Deed of Trust executed by and between Quicken Loans, its successors and assigns, and Defendant Kay Dorsey on May 14, 2008.

It is further **ORDERED, ADJUDGED AND DECREED** that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust secured by the real property commonly known as 318 Elmwood Drive, Hot Springs, Arkansas 72901 (the "Property") and that the Deed of Trust, Warranty Deed and Quit Claim Deed are reformed to describe the Property as follows:

> Lot 17 and 18 of Catherine Shores Sub'd., Garland County, Arkansas, (resurvey); less and except the following described part of Lot 18: Begin at the SE corner of Lot 18; thence southwesterly along the dividing line of Lot 18 and 19 126.0 feet; thence Northwesterly 65.0 feet; Thence Northeasterly 65.0 feet; thence Northeasterly 145.2 feet to the West side of Elmwood Road; thence Southeasterly 46.5 feet to the point of beginning.

It is further **ORDERED, ADJUDGED AND DECREED** that Plaintiff's Deed of Trust encumbers the Property.

It is further **ORDERED, ADJUDGED AND DECREED** that Plaintiff's Deed of Trust grants it a first priority lien on the Property.

It is further **ORDERED, ADJUDGED AND DECREED** that the following are secured by

the security interest in the Property: the outstanding balance of the Note plus attorney fees; prejudgment interest; post-judgment interest; and costs of court.

It is further **ORDERED, ADJUDGED AND DECREED** that Bank of America, N.A., or its successors or assigns, may proceed with foreclosure of the Property as provided in the Deed of Trust.

It is further **ORDERED, ADJUDGED AND DECREED** that Bank of America, N.A. may further communicate with Kay Dorsey and all third parties reasonably necessary to conduct the foreclosure sale.

It is further **ORDERED, ADJUDGED AND DECREED** that any notices to Dorsey regarding the foreclosure of the Property shall be mailed to 318 Elmwood Drive, Hot Springs, Arkansas 71901.

**IT IS SO ORDERED**, this 14th day of July, 2016.

　　　　　　　　　　　　　　　　　　　　/s/ Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　United States District Judge